IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maria Bolanos, n/k/a Araya, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 1993 |
| Security Credit Services, LLC, a Mississippi limited liability company, and Niagara Credit Solutions, Inc., a New York corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Maria Bolanos, n/k/a Araya, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, B) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Maria Bolanos, n/k/a Araya ("Araya"), is a citizen of the State of Colorado, from whom Defendants attempted to collect a delinquent consumer debt owed for a Citibank credit card, which was then allegedly owed to a bad debt buyer, Security Credit Services, LLC. These collection actions took place despite the fact that

she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Security Credit Services, LLC ("Security"), is a Mississippi limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Security operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Security was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Security is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Niagara Credit Solutions, Inc.

6. Defendant, Niagara Credit Solutions, Inc. ("Niagara"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Niagara operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Niagara was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Security and Niagara are each authorized to conduct business

in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Security and Niagara both conduct business in Illinois.

8. Moreover, Defendants Security and Niagara are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Security and Niagara both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Araya is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Citibank credit card. At some point in time after that debt became delinquent, Defendant Security bought Ms. Araya's Citibank debt. When Defendant Security began trying to collect this debt from her, by having other debt collectors, Jacob Law Group (2008) and First National Collection Bureau (2009), demand payment of the debt, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Security's collection actions.

10. Accordingly, on April 18, 2008 and then on November 17, 2009, one of Ms. Araya's attorneys at LASPD informed Defendant Security, in writing, through its agents, Jacob Law Group and First National Collection Bureau, Inc., that Ms. Araya was represented by counsel, and directed Security to cease contacting her, and to cease all further collection activities because Ms. Araya was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these letters and fax confirmations are attached as Group Exhibit C.

3

11. Nonetheless, despite being advised that Ms. Araya was represented by counsel and refused to pay the debt, Defendant Security had Defendant Niagara send Ms. Araya a collection letter, dated January 10, 2011, which demanded payment of the Citibank debt. A copy of this letter is attached as Exhibit D.

12. Accordingly, on February 23, 2011, Ms. Araya's attorneys at LASPD informed Defendant Security, yet again, this time through Defendant Niagara, that its must cease collections and cease communications. Copies of this letter and fax confirmations are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letters from Ms. Araya's agent, LASPD, told Defendants to cease communications and to cease collections (Group Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendants violated

§ 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Araya was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Security, in writing (Group Exhibit C), through its agents, that Ms. Araya was represented by counsel, and had demanded a cessation of communications with Ms. Araya. By sending a collection letter to Ms. Araya, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Maria Bolanos, n/k/a Araya, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Araya, and against Defendants, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maria Bolanos, n/k/a Araya, demands trial by jury.

                                          Maria Bolanos, n/k/a Araya,

                                          By: /s/ David J. Philipps
                                          One of Plaintiff's Attorneys

Dated: March 23, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com